## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Shiv Saywack P. Singh, | Case No. 19-cv-491 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jessica Fahey, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the Court recommends dismissing Singh's federal-law causes of action because the Complaint fails to state federal-law claims for which this Court can grant relief and dismissing Singh's state-law causes of action for lack of jurisdiction. Because these recommendations lead to this action's dismissal, the Court recommends denying as moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Although the Court's review of his Application to Proceed in District Court Without Prepaying Fees or Costs demonstrates that Singh qualifies financially for IFP status, an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); see also, Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the

provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See, McChesney v. Fed. Election Comm'n, 900 F.3d 578, 583 (8th Cir. 2018) (citing Petrie ex rel. PPW Royalty Tr. v. Barton, 841 F.3d 746, 753 (8th Cir. 2016)). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

While the particulars of the Complaint are less than clear, liberally construing it in his favor, the Complaint appears to concern events that led to two terminations from a job at the Grand Casino Hinckley in Hinckley, Minnesota. (See, Compl. [Docket No. 1]). Singh alleges that from February 2016, through June 2018, he was employed at the casino. (See, Id. at 2). However, he alleges that on June 17, 2018, casino officials informed him that they believed he was "using drugs and alcohol," and those officials subsequently discharged him. (Id.).

Singh asserts that in later proceedings, a "court found that there was no misconduct on his behalf," and the Grand Casino "failed to provide information and proof of misconduct concerning alcohol and drugs." (Id.). Singh states that he filed "charges of discrimination" against the casino with the Equal Employment Opportunity Commission. (Id.).

In August 2018, however, the Grand Casino rehired Singh. (See, Id.). It appears that his job upon being rehired consisted of walking and patrolling the casino floor to assist casino patrons.

2

(See, Id.). According to Plaintiff, on September 12, 2018, he attended a workshop for casino employees at which he was encouraged to express interest and "match energy levels" with casino guests. (See, Id.). On September 18, 2018, at the start of his shift, Singh interacted with two women, one of whom—"Jennifer"—Singh alleges he had known for some time because she was a frequent casino guest. (See, Id.). After a brief discussion, Jennifer left, and Singh "continued on his patrol" with the second woman. (See, Id.). At some point during the interaction, Singh alleges, he said "Hi" and "Hello" to the unidentified woman, asked how she was doing, and told her that Jennifer "was a very nice person to have as a friend." (See, Id.). The unidentified woman then allegedly told Singh that he should "mind his own business and that he should be patrolling the building rather than talking to her." (See, Id.). Singh alleges he apologized and then "continued on patrol." (See, Id.).

Approximately thirty minutes after the interaction with the unidentified woman, Singh alleges, he was told to report to the casino's "Med Office." (See, Id.). There he met Dan Clapper, the casino's director of security, who had termination papers "already typed and in possession." (Id.). Clapper allegedly stated that Singh's "eyes were bloodshot and that he was drinking." (Id. at 2–3). Clapper then allegedly "bragged" to Singh about how Singh had been suspended from June 17, 2018, through September 2018; Singh disagreed, insisting that he had actually been terminated after the June 2018 incident. (Id. at 3). Clapper also allegedly "further falsified [Singh's] employment record by stating that on June 14, 2018 that [Singh] was working and that [Singh] had hit his radio button and that [Singh] was heard saying 'he was going to caress somebody." (Id.) Clapper then allegedly ordered Plaintiff off the Grand Casino property, and he instructed Plaintiff not to return. (See, Id.).

3

Singh asserts that Clapper "falsified the events and incidents of September and said that incident took place on" September 16, 2018, as opposed to September 18, 2018. (Id.) Therefore, according to Singh, he was not paid for work performed on September 17, 2018, and September 18, 2018. (Id.) Singh also asserts that on January 25, 2019, various Defendants "lied under oath saying that [Singh] was on duty on June 14, 2018 and everybody heard [Singh]." (Id.).[1]

Based on these assertions, Singh raises four causes of action: (1) violations of 42 U.S.C. § 1985(2); (2) violations of 42 U.S.C. § 1986; (3) intentional infliction of emotional distress; and (4) what the Court liberally construes in Plaintiff's favor as a cause of action for defamation. (See, Id. at 3–4).[2] As relief, Singh asks the Court to award him "[c]ompensatory and [p]unitive damages in the amount of five hundred thousand dollars," as well as, attorney fees under 42 U.S.C. § 1988 and "all court costs in bringing this civil action." (Id.).

Although Plaintiff purports to raise a claim for violations of 42 U.S.C. § 1985(2), the Court's review of the Complaint demonstrates that Singh has failed to state a cause of action under § 1985(2). Section 1985(2) states:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to

---

[1] Although it is again unclear and not specified in the Complaint, Plaintiff is here presumably referring to his assertion that, as part of the June 2018, incident, people heard him talk about "caressing" someone. (See, Id.)

[2] Specifically, Plaintiff alleges that "[a]s a result of the defendants['] false statements, . . . the plaintiff is considered a user of alcohol and drugs, and . . . the plaintiff has suffered and will continue to suffer employment disparity, social status, and eligibility to defend oneself." (Id. at 4). The Court liberally construes this in Plaintiff's favor as a cause of action for defamation.

4

> injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2).

This statute—originally part of § 2 of the Civil Rights Act of 1871—has two portions or clauses: the first bars conspiracies interfering with "the administration of justice in the federal courts," while the second portion bars "conspiracies to obstruct the course of justice in state courts." Kush v. Rutledge, 460 U.S. 719, 724–75 (1983) (discussing § 1985's history). Singh fails to allege a cause of action under either portion of § 1985(2).

To bring a claim under the first portion of § 1985(2), a plaintiff must target a conspiracy to interfere with proceedings in a "court of the United States"—i.e., a federal court. See, Coleman v. Garber, 800 F.2d 188, 190 (8th Cir. 1986); Krutchen v. Zayo Bandwidth Ne., LLC, 591 F. Supp. 2d 1002, 1021 (D. Minn. 2008) (citing cases). Plaintiff's Complaint, [Docket No. 1], is devoid of any allegations concerning prior federal-court action. The first court proceeding that Singh discusses seems to involve a court dealing with Singh's unemployment insurance after being fired in June 2018. (See, Compl., [Docket No. 1], at 2) ("[Singh] soon filed for unemployment insurance. Insurance was granted to him. *The court* found that there was no misconduct on his behalf." (emphasis added)). The second proceeding that Singh notes concerns a court dealing with his claims about being fired in September 2018. (Id. at 3) ("The Employer has failed to provide to the appeal court describing what words constitute harassment to the guest. . . . The court and applicant wants to know what the comments are that the Casino has terminated the applicant for in violating these harassment charges."). None of these references refer to federal-court proceedings. As a result, the Complaint fails to state a claim for a violation of the first part of § 1985(2).

5

The second portion of § 1985(2) references "equal protection of the laws" and to press a claim based on that part of the statute a plaintiff must allege some type of class-based animus. See, e.g., Kush, 460 U.S. at 725–26; Larson v. Goodman, No. 09-cv-3600 (PAM/AJB), 2010 WL 4568042, at *6 (D. Minn. Sept. 28, 2010) (quoting Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986)), report and recommendation adopted, 2010 WL 4537932 (D. Minn. Nov. 3, 2010). Whatever "due course of justice" Singh's allegations attempt to invoke he fails to allege that any conspiracy against him was based on any type of class-based animus. (See, Compl. [Docket No. 1]).[3]  Thus, Plaintiff has failed to state a claim based on the second clause of § 1985(2).

The failure of Singh's § 1985 claim necessitates that failure of his § 1986 claim. Under § 1986,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . .

42 U.S.C. § 1986.

As the text here makes evident, no § 1986 cause of action can proceed without an underlying § 1985 violation. See, e.g., Coleman v. Garber, 800 F.2d 188, 191 (8th Cir. 1986)

---

[3] Singh does allege that after challenging the June 2018, termination of his employment he "filed charges of discrimination against [the Grand Casino] with the EEOC." (Compl., [Docket No.1], at 2). This single assertion standing alone, as it does, however, does not sufficiently allege class-based animus to support a § 1985(2) claim. First, without more, the fact that Singh filed a discrimination claim with the EEOC against an entity not named as a defendant does not dictate (or even imply) that any of the named individual defendants had a class-based animus toward Plaintiff. Second, even if the Court might impute a claim that the Grand Casino discriminated against Singh through some of the individual Defendants, Singh provides no factual detail whatsoever about any discrimination conduct. As a result, accepting Singh's statement as an adequate allegation of class-based animus would be to treat a conclusory legal claim as a factual statement—a situation about which Iqbal warns. See, Iqbal, 556 U.S. at 678.

6

(citing authorities); Sahu v. Minneapolis Cmty. & Tech. Coll., No. 14-cv-5107 (PJS/FLN), 2015 WL 13731342, at *9 (D. Minn. Oct. 9, 2015) (citing cases), report and recommendation adopted, 2016 WL 310727 (D. Minn. Jan. 26, 2016), aff'd, 674 F. App'x 606 (8th Cir. 2017). Because, as discussed above, Singh has failed to plead a cause of action based on § 1985 he has also failed to state a cause of action based on § 1986.

The recommended dismissal of Plaintiff's claims base on § 1985 and § 1986 leaves for this Court's consideration Singh's causes of action sounding in intentional infliction of emotional distress and defamation. These are both, however, state-law causes of action.

Under 28 U.S.C. § 1367(a), it is generally the case that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." As a result, had Singh presented proper federal-law causes of action, this Court could have supplemental jurisdiction over Singh's state-law claims.

But § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction[.]" Given that Singh has failed to state a cause of action for which relief can be granted for any federal-law cause of action, and the early posture of this case, this Court recommends declining to exercise supplemental jurisdiction over Singh's remaining state-law claims. See, e.g., Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Physician

Specialty Pharmacy, LLC v. Prime Therapeutics, LLC, No. 18-cv-1044 (MJD/TNL) (making similar point), 2019 WL 1239705, at *11 (D. Minn. Jan. 24, 2019), report and recommendation adopted, 2019 WL 1399571 (D. Minn. Mar. 28, 2019).

Given that this Court recommends dismissing all of Singh's claims, it recommends dismissal of this action. The Court also recommends denial of the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2], as dismissing this action will render the Application moot.

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice**; and

2. Singh's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: June 3, 2019            s/Leo I. Brisbois
                               Hon. Leo I. Brisbois
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).